UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 6:24-cr-137-CEM-RMN

JORDANISH TORRES GARCIA,

GIOVANY CRESPO HERNANDEZ,

DEREK RODRIGUEZ BONILLA,

SONIC TORRES, Jr.,

MONICSABEL ROMERO SOTO,

et al,

    Defendant.

_____/

## PARTIES' JOINT MOTION TO CONTINUE

Defendants Jordanish Torres-Garcia, Giovanny Cespo Hernandez, Derek Rodriguez Bonilla, Sonic Torres, Jr., Monicsabel Romero Soto, and the United States, through their respective counsel, move in the interest of justice under Rule 12(c)(2) and the Fifth, Sixth, and Eighth Amendments to continue the status conference scheduled for January 15, 2026, ninety days, and correspondingly the trial in this cause. In support:

1

1. Mr. Torres-Gracia, Mr. Crespo-Hernandez, and Mr. Rodriquez-Bonilla are all charged and indicted with capital eligible charges in this cause. The other co-defendants have either pled or face non-capital charges.

2. Each Defendant is set for a status conference on January 15, 2026, before this Court.

3. Due to the capital implications of the charges here, each capital eligible defendant was scheduled to meet with the United States Attorney's Office in October 2025 to submit mitigation and reasons why the death penalty is inappropriate.

4. Now, the Defendants are awaiting a decision or an invitation to submit a memorandum and possibly meet with the Assistant Attorney General for the Criminal Division through the Capital Case Section (See, Justice Manual, 9-10.080) for a determination as to whether capital punishment should be sought in accordance with the United States Department of Justice protocol[1] in capital cases.

5. To proceed before a determination as to whether these Defendants will face a capital trial would be imprudent and unjust. Thus,

---

[1] Justice Manual, Chapter 9-10.000, https://www.justice.gov/jm/jm-9-10000-capital-crimes

proceeding as currently scheduled in this complex case would constitute a denial of Due Process and a denial of effective representation that will lead to an unreliable sentence, all in violation of the Fifth, Sixth, Eighth to the United States Constitution.

## MEMORANDUM

For the reasons set forth above and as explained more fully below, the Parties request that the status conference be continued from January 15, 2026, for ninety days and that the filing deadlines be extended to allow meaningful investigation and preparation in conformity with standards of practice for litigation of federal capital cases.

In so moving, the Parties submit that the ends of justice are best served by continuing this complex matter and rely upon their respective Sixth Amendment rights to effective assistance of counsel, Fifth Amendment right to Due Process of law, and Eighth Amendment right to a reliable penalty determination in the context of a capital case.

In that regard, the Sixth Amendment of the United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district where the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of

the accusation; to be confronted with witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance[2] of Counsel for his defence." Trial courts have the inherent power to control their own docket and to schedule matters to accommodate the interests of justice. See, e.g., *Clinton v. Jones*, 520 U.S. 681, 707 (1997) (Affirming district court's "broad discretion to stay proceedings as an incident to its power to control its own docket."). The decision of whether to grant or deny a continuance "is left to the sound discretion of the trial judge, and his discretion will not be set aside absent a showing of a clear abuse of that discretion." *United States v. Warren*, 772 F.3d 827, 837 (11th Cir. 1985); *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986) (same).

In exercising that broad discretion, however, district courts are necessarily constrained by 18 U.S.C. §§ 3161 *et seq.*, also known as the "Speedy Trial Act." Under the Speedy Trial Act, a continuance is statutorily authorized when, as here, the ends of justice support it or, stated another way, when the denial of a requested continuance would "result in a miscarriage of justice."[3]

---

[2] The Sixth Amendments right to "Assistance of Counsel" means the effective assistance of counsel as provided within the legal community. *Strickland v. Washington*, 466 U.S. 668 (1984). Effective assistance of counsel requires having a reasonable period of time for the attorney to investigate the accusation, to develop information needed to confront adverse witnesses, to identify and locate favorable witnesses subject to compulsory process, to research possible legal defenses and to otherwise prepare for trial by an impartial jury.

[3] 18 U.S.C. § 3161(h)(7)(B)(i).

4

In making that required determination in the form of an express finding as to whether the ends of justice support a continuance, the district court judge must consider specific criteria contained in the Speedy Trial Act, including whether the case is too complex to reasonably expect adequate preparation within the Speedy Trial Act deadlines[4] and whether the refusal to grant a continuance would deny either Party time for "effective preparation."[5] Both of those justifications warrant granting the requested continuance here and an express "interest of justice" finding is here fully supported by the facts and the law.

The ends of justice in this capital case warrant a continuance in this cause. More time is needed in this complex case to provide effective representation.

**WHEREFORE**, the Parties request the status conference scheduled for January 15, 2026, be continued for ninety days, the corresponding trial period be rescheduled, and the times within which to file notices and motions be extended as well.

DATED this 12th day of January 2026.

Respectfully submitted,

---

[4] 18 U.S.C. § 3161(h)(7)(B)(ii).
[5] 18 U.S.C. § 3161(h)(7)(B)(iv).

5

/s/ *D. Todd Doss*
D. Todd Doss, Esq.
Florida Bar No. 0910384
P.O. Box 915065
Longwood, FL 32791
Telephone: 386-965-7232
E-Mail: dossdt1@gmail.com

/s/ *Charles E. Taylor, Jr., Esq.*
Law Office of Charles E. Taylor, Jr.
Florida Bar No.: 0529321
5401 S. Kirkman Rd.
Suite 310
Orlando, Florida 32801
Charles@attorneytaylor.com
Telephone: 407-244-5997

/s/ *Bjorn Brunvand, Esq.*
Bjorn E. Brunvand
Florida Bar No. 831077
Brunvard Wise & Farinella
615 Turner Street
Clearwater, FL 33756
bjorn@acquitter.com
Telephone: 727-446-7505

/s/ *Erin Hyde, Esq.*
Erin Hyde, Esq.
Florida Bar No.: 26248
Erin Hyde, P.A.
1238 E. Concord St.
Orlando, Florida 32803
Tel: (407) 257-0022
erin@erinhydepa.com

/s/ *Roger Weeden*
Roger L. Weeden
Florida Bar No. 290106
605 East Robinson Street
Suite 250
Orlando, FL 32803
Telephone: 407-894-9004
E-Mail: rlweeden@aol.com

/s/ *Jeffrey G. Brown, Esq.*
Jeffrey G. Brown, Esq.
Florida Bar No. 832431
1646 W. Snow Ave.
#16
Tampa, FL 33606
jeff@lawbdl.com
Telephone: 727-299-0099

/s/ *Charles M. Greene, Esq.*
Charles M. Greene
Florida Bar No. 938963
55 East Pine Street
Orlando, FL 32801
cmg@cmgpa.com
Telephone: 407-648-1700

*Andrew J. Chmelir, Esq.*
Andrew J. Chmelir, Esq.
Florida Bar No.: 87254
Jacobson, Chmelir & Ferwerda
351 East State Road 434, Ste. A
Winter Springs, FL 32708
Tel: (407) 327-8899
ajchmelir@cs.com

GREGORY W. KEHOE
United States Attorney

By: */s/ Sarah Megan Testerman*
Sarah Megan Testerman
Assistant United States Attorney
Florida Bar No. 0124884
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:  (407) 648-7500
Facsimile:   (407) 648-7643
E-mail: megan.testerman@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the undersigned electronically filed the foregoing with the Clerk of Court (CM/ECF) by using the CM/ECF system which will send a notice of electronic filing to all counsel of record this 12th day of January 2026.

/s/ *D. Todd Doss*
Attorney for Defendant